16-2950-bk
*In re: Residential Capital, LLC*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of October, two thousand seventeen.

PRESENT:
> DENNY CHIN,
> CHRISTOPHER F. DRONEY,
> > *Circuit Judges,*
> JANE A. RESTANI,
> > *Judge.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

IN RE: RESIDENTIAL CAPITAL, LLC,
> *Debtor,*

MICHAEL EDWARD BOYD,
> *Plaintiff-Appellant,*

> v.                                                              16-2950-bk

---

* Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

RESCAP BORROWER CLAIMS TRUST,

                            *Defendant-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:        Michael Edward Boyd, *pro se*, Soquel, California.

FOR DEFENDANT-APPELLEE:        Norman S. Rosenbaum, Jordan A. Wishnew, Jessica J. Arett, Morrison & Foerster LLP, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Castel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Michael Edward Boyd, proceeding *pro se*, appeals from the district court's judgment entered July 29, 2016, affirming an order of the bankruptcy court for the Southern District of New York (Glenn, *B.J.*). Boyd filed a proof of claim with the bankruptcy court based on claims he raised in a 2011 lawsuit in the Northern District of California against GMAC Mortgage, LLC ("GMACM"), the servicer of loans secured by mortgages on two of Boyd's California properties. The Northern District of California dismissed the claims, the Ninth Circuit affirmed, and the Supreme Court denied certiorari. The bankruptcy court sustained the objection of defendant-appellee ResCap Borrower Claims Trust (the "Trust") to Boyd's proof of claim in an order entered

2

September 8, 2015, concluding that his claim was barred by res judicata.   We assume the

parties' familiarity with the underlying facts, the procedural history of the case, and the

issues on appeal.

On appeal, Boyd argues principally that the bankruptcy court lacked

jurisdiction to resolve his state law claims.   Boyd also seeks review of the New York

district court's denial of his motion to transfer the case to the California district court.

"In an appeal from a district court's review of a bankruptcy court decision,

we review the bankruptcy court decision independently, accepting its factual findings

unless clearly erroneous but reviewing its conclusions of law *de novo*."   *In re Enron Corp.*,

419 F.3d 115, 124 (2d Cir. 2005) (quoting *In re AroChem Corp.*, 176 F.3d 610, 620 (2d Cir.

1999)).

We agree with the district court that the bankruptcy court had jurisdiction

over Boyd's claim.   A bankruptcy court's "power to enter appropriate orders and

judgments . . . hinges on whether the proceeding is core or related."   *In re CBI Holding,

Co.*, 529 F.3d 432, 460 (2d Cir. 2008) (citation and internal quotation marks omitted).

Core proceedings include "allowance or disallowance of claims against the estate."   28

U.S.C. § 157(b)(2)(B).   A claimant who files a proof of claim with the bankruptcy court

"triggers the process of 'allowance and disallowance of claims,' and, therefore, a creditor

who files such a claim subjects itself to the bankruptcy court's equitable jurisdiction in

3

proceedings affecting that claim." *In re CBI Holding*, 529 F.3d at 466 (citation omitted). When Boyd filed a proof of claim with the bankruptcy court in 2011, he "invoke[d] the special rules of bankruptcy concerning objections to the claim." *In re S.G. Phillips Constructors, Inc.*, 45 F.3d 702, 706 (2d Cir. 1995) (citation and internal quotation marks omitted). Boyd's proof of claim was based on his state law claims, and by filing the proof of claim, he submitted to the jurisdiction of the bankruptcy court. Hence, the bankruptcy court had jurisdiction over Boyd's claim.

We also agree with the district court's denial of Boyd's request to transfer his appeal to the Northern District of California. Appeal is permitted only "to the district court for the judicial district in which the bankruptcy judge is serving," in this case, the Southern District of New York. *See* 28 U.S.C. § 158(a). Boyd failed to put forth any argument in support of his challenge to the denial of venue transfer. Accordingly, the district court did not err in denying transfer.

. . .

We have considered Boyd's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4